Filed 10/9/13  P. v. Hageman CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B243703 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA092431) |
| v. | |
| DAVID HAGEMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant David Hageman appeals from the judgment entered after his jury conviction of second degree robbery. His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On June 26, 2013, we directed counsel to send the record and a copy of counsel's brief to defendant and notified defendant of his right to respond within 30 days. No response was filed.

We briefly describe the facts and procedural history of the case, the crime of which defendant was convicted, and the punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

On May 21, 2012, defendant waited in line at a Top Valu Market in Long Beach. The store surveillance video caught him reaching into the liquor shelf behind the counter, taking a bottle from the shelf, tucking it in the back of his pants, and leaving the store. The cashier noticed defendant while he stood in line and overheard him tell another customer that he did not have money to buy beer. She saw him suddenly walk out of the store with something that looked like a bottle tucked in the back of his T-shirt. The cashier called the store's assistant manager and told him she thought defendant had stolen a bottle of beer.

The assistant manager followed defendant outside the store and also noticed something was tucked in the back of defendant's shirt. He demanded that defendant return the bottle. Defendant refused, claiming the bottle was his, and continued walking. The surveillance video captured the confrontation and showed defendant pushing the assistant manager. Because defendant was bigger, the manager feared for his own safety and backed away.

The cashier and assistant manager identified defendant in a photographic lineup. Defendant was charged with second degree robbery. (Pen. Code, § 211.)[1] A prior conviction was alleged under section 667.5, subdivision (b). The case was tried to a jury. Defense counsel argued the video footage did not show clearly that defendant took a bottle from the store or that defendant behaved aggressively when confronted by the

---

[1] All statutory references are to the Penal Code.

2

assistant manager. On defense counsel's request, the court instructed the jury on theft by larceny as a lesser included offense to the robbery charge. The jury found defendant guilty as charged. The court found his prior conviction to be true.[2] Appellant was sentenced to the upper term of five years, plus one year for the prior, for a total of six years in state prison. He received 184 days of custody credits and was charged various fines and fees.

We have reviewed the record. No arguable issues for appeal exist.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P.J.

We concur:

WILLHITE, J.

MANELLA, J.

---

[2] We granted a motion to augment the record on appeal with the record of defendant's prior conviction.